**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BETTER MOUSE COMPANY, LLC,** | |
| *Plaintiff,* | |
| v. | **Civil Action No. 1:24-cv-238** |
| **UNICADA.US.STORE and YOUREE DIRECT,** | **JURY TRAIL DEMANDED** |
| *Defendants.* | |

## ORIGINAL COMPLAINT

Plaintiff Better Mouse Company, LLC ("Plaintiff") hereby brings this patent infringement action against the Amazon storefronts doing business as Unicada.us.store and YOUREE Direct (collectively, "Defendants") and alleges as follows:

### INTRODUCTION

1.     Plaintiff files this action to combat foreign patent infringers who trade upon Plaintiff's patented invention by selling, offering for sale, and/or importing unlicensed products, namely the computer mice products shown in Exhibit 1 ("Infringing Products"). The Defendants operate several Amazon storefronts ("Defendant Amazon Stores") that, upon information and belief, sell Infringing Products to Illinois consumers. The Defendant Amazon Stores share unique identifiers, such as identical product images, specifications, advertising, design elements, and the Infringing Products themselves, establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their operation. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making,

using, selling, offering for sale, and importing its patented invention as a result of Defendants'
actions and seeks equitable relief.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action
pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28
U.S.C. § 1331.

3. This Court may properly exercise personal jurisdiction over Defendants since
Defendants directly target business activities toward consumers in the United States, including
Illinois, through at least the fully interactive, commercial Defendant Amazon Stores. Specifically,
Defendants are reaching out to do business with Illinois residents by operating the Defendant
Amazon Stores through which Illinois residents can and do purchase Infringing Products.
Defendants target sales from Illinois residents by operating online stores that offer shipping to the
United States, including Illinois, accept payment in U.S. dollars and, on information and belief,
have sold Infringing Products to residents of Illinois. *See* Exhibit 2, Illinois Offers for Sale.
Defendants are committing tortious acts in Illinois, are engaging in interstate commerce, and have
wrongfully caused Plaintiff substantial injury in the State of Illinois.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants are
believed to be Chinese entities.

## THE PARTIES

5. Plaintiff is a Texas limited liability company with a principal place of business in
Houston, Texas. Plaintiff is the owner by assignment of U.S. Patent No. 7,532,200 ("Patent"), a
true and correct copy of which is attached hereto as Exhibit 3.

6.     Upon information and belief, Defendants are Amazon storefronts operating from the perceived safety of China. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the Defendant Amazon Stores.

7.     Upon information and belief, Defendants are under the common control of one entity or individual. They are an interrelated group of infringers working in active concert to willfully offer for sale, sell, and/or import into the United States the Infringing Products which directly infringe the Patent in the same transaction, occurrence, or series of transactions or occurrences. For example, Defendants sell and/or offer for sale the same branded Infringing Products as well as identical product images and descriptions, as shown in Exhibits 1 and 2. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their infringement network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

8.     Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Amazon Stores. On information and belief, Defendants regularly create new Amazon storefronts to allocate potential liability. Such Defendant Amazon Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down in response to infringement notices.

9.     Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Amazon Stores. The Defendant Amazon Stores include notable common features beyond selling the exact same infringing product, including the

3

same product images, product descriptions, accepted payment methods, lack of contact information, identically or similarly priced items, and the use of the same advertising text and images.

10.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

11.     Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

## THE PATENTED TECHNOLOGY

12.     The Patent was filed on January 18, 2005 and duly issued on May 12, 2009.

13.     The Patent generally discloses an apparatus for setting multi-stage displacement resolution of a mouse, which has an X-Y axis plane displacement detector, a switching circuit, and a mouse micro controller. The X-Y axis plane displacement detector senses the distance and the moving direction generated by the mouse. The switching circuit has at least one switch. The mouse

micro controller is coupled to the X-Y axis plane displacement detector and the switching circuit. The mouse micro controller sets the mouse resolution based on each switch, and responds to the distance and moving direction sensed by the X-Y axis plane displacement detector to provide a control signal to a computer connected to the mouse, thereby moving the mouse cursor on the screen of the computer, wherein the mouse cursor is moved based on the mouse resolution.

14.     The resolution of a computer mouse, often measured in "dots-per-inch" (DPI), determines how much the mouse cursor moves on a computer screen for each corresponding movement of the mouse itself by the user. For example, if the DPI ratio is 1:1, the cursor moves one "dot" on the screen per inch of motion by the mouse. Depending on an individual user's needs, that ratio (resolution) can be adjusted to provide the user with a customized experience. For example, a user playing computer games may wish for more precise control of the cursor and adjust the resolution so that each movement on the screen requires a larger movement of the mouse itself.

15.     In the prior art, adjusting the resolution generally required installing a software driver on a connected computer, and changing the resolution within that software program. The user first needed to install the software, which required a separate item such as a CD-ROM. Next, the user must locate the installed software on the computer and then determine how to adjust the desired parameter within the software. In contrast, the inventor of the patented technology developed a mouse that includes a button and/or switch on the mouse for adjusting the resolution by hand to generate a resolution value, without using a software driver or tool that is external to the mouse. Among other advantages, this approach allows the user to directly adjust the mouse's resolution quickly and easily, without using a software driver or tool on the connected computer.

16.     Plaintiff is the owner of the Patent with all substantive rights in and to the Patent, including the sole and exclusive right to prosecute this action and enforce the Patent against infringers, and to collect damages for all relevant times.

17.     Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the Patent.

18.     The Patent enjoys a presumption of validity pursuant to the 35 U.S.C. § 282.

### THE INFRINGING PRODUCTS

19.     Defendants sell, offer to sell, and/or import the Infringing Products. The Infringing Products are marketed as the 2.4G Wireless Mouse with adjustable DPI via a switch button (SKU: M003). *See* Exhibits 1 and 2.





20.     Plaintiff has not granted a license or any other form of permission to Defendants to practice the Patent.

21.     Defendants have had actual notice of the Patent since at least June 7, 2023, when Plaintiff filed an Amazon infringement report against the Defendant Internet Stores. To these ends, Defendants' infringement of the Patent is and continues to be willful and with utter disregard for Plaintiff's patent rights.

## COUNT I: WILLFUL PATENT INFRINGEMENT
## (35 U.S.C. § 271)

22.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

23.     Defendants offer for sale, sell, and/or import into the United States the Infringing Products which infringe one or more claims of the Patent, either literally and/or under the doctrine of equivalents, despite actual notice of the Patent. Defendant's infringement in this regard is willful and continuous.

24.      For example, the Infringing Products meet each and every limitation of at least Claim 6 of the Patent. An exemplary infringement chart is attached as Exhibit 4.

25.     Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to recover damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the court.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

(1)     A judgment in favor of Plaintiff and against Defendants for willful infringement of the Patent, pursuant to 35 U.S.C. § 281;

(2)     That Plaintiff be awarded damages against Defendants that are adequate to compensate Plaintiff for infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the court, pursuant to 35 U.S.C. § 284;

(3)     That the Court increase the damages up to three times the amount found or assessed, pursuant to 35 U.S.C. § 284;

(4)     That Plaintiff be awarded its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285; and

(5)     Any and all other relief that this Court deems just and proper.

DATED: January 10, 2024

Respectfully submitted,

By: */s/ Nicholas Najera*

Hao Ni
Texas Bar No. 24047205
twang@nilawfirm.com
Nicholas Najera
Texas Bar No. 24127049
nnajera@nilawfirm.com

NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Plaintiff Better Mouse*
*Company LLC*